1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

AETNA HEALTH MANAGEMENT,
LLC,

9

Plaintiff,

10

v.

C25-2163 TSZ

11

DO WON ORIENTAL MEDICINE &
ACUPUNCTURE CLINIC, INC. d/b/a
DO WON EAST ASIAN MEDICINE
CLINIC; and Ji W. Kim,

MINUTE ORDER

12

13

Defendants.

14

15

The following Minute Order is made by direction of the Court, the Honorable
Thomas S. Zilly, United States District Judge:

16

(1)    Plaintiff Aetna Health Management, LLC's Motion for Alternative Service,
docket no. 5, is DEFERRED and RENOTED to December 12, 2025.

17

18

19

20

21

22

Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served
by "following state law for serving a summons in an action brought in courts of general
jurisdiction in the state where the district court is located or where service is made."  In
Washington, service of process of a corporation may be accomplished by serving its
registered agent.  RCW 23.95.450(1); RCW 23B.05.050.  Service by mail is permissible
in Washington if the plaintiff demonstrates that "(1) they made reasonably diligent efforts
to personally serve the defendants; (2) service by publication would be justified under
Washington law; and (3) the defendants are as likely to receive actual notice from service
by mail as they would from service by publication."  Russell v. WADOT Cap., Inc., 2023
WL 3791823, at *2 (W.D. Wash. June 1, 2023); see RCW 4.28.080(15) (allowing
substituted service only after plaintiff has attempted, "with reasonable diligence," to

23

MINUTE ORDER - 1

1   personally serve the individual or entity).  "While reasonable diligence does not require
2   the plaintiff to employ all conceivable means to locate the defendant, it does require the
    plaintiff to follow up on any information possessed that might reasonably assist in
3   determining the defendant's whereabouts."  Russell, 2023 WL 3791823, at *2 (quoting
    Pascua v. Heil, 126 Wn. App. 520, 529, 108 P.3d 1253 (2005)) (internal quotation marks
4   omitted).  Washington permits service by publication when a Washington resident "keeps
    himself or herself concealed" within the state "to avoid the service of a summons."  RCW
5   4.28.100(2); see Dodo Int'l, Inc. v. Parker, 2021 WL 662344, at *1 (W.D. Wash. Feb. 19,
    2021).

6          Aetna made several unsuccessful attempts to serve either defendant.  On
    November 4, 2025, Aetna unsuccessfully attempted service on Defendant Do Won at its
7   principal office address registered with the Washington Secretary of State.  Brown Decl.
    at ℙ 5 (docket no. 6).  A second attempt was made the following day, "at which time the
8   process server was informed by the current occupants that Do Won no longer operated at
    this address" and that Defendant Ji W. Kim, DO ("Dr. Kim") had retired.  Id. at ℙ 8.  Do
9   Won has not updated its address with the Washington Secretary of State, and its status is
    listed as "Delinquent."  Id. at ℙ 9.  Dr. Kim is listed as Do Won's registered agent and the
10  address provided for Dr. Kim is the same address listed for Do Won.  Id. at ℙ 10.  Aetna
    paid to have a search conducted of Dr. Kim and determined his current personal
11  residence is located at 812 S Marine Way, Federal Way, Washington 98003.  Id. at ℙ 12.
    A process server attempted service at this address three times (November 10, 13, and 14,
12  2025), but nobody was at the home.  Id. at ℙ 13.

13         On this record, the Court cannot find that Defendants are evading service.  Aetna
    has provided the Court with argument that Don Won and Dr. Kim are aware of this
14  lawsuit and evading service, but not evidence.  Aetna argues that "[i]mmediately prior to
    filing suit, Aetna's undersigned counsel submitted a final demand to Defendants'
15  counsel," but "Defendants' counsel indicated that he was unable to make contact with his
    clients."  Mot. for Alt. Service at 2 (docket no. 5).  This statement is not supported by the
16  declaration, docket no. 6, or its attached exhibits that Aetna filed in support of its motion.
    Absent such evidence, the Court cannot conclude that Defendants are evading service or
17  that Defendants were aware that this lawsuit was going to be filed against them.  It is also
    questionable whether Aetna exercised reasonable diligence in attempting to locate and
18  serve Defendants without further evidence of Defendants' alleged service evasion.
    Aetna's process server visited Dr. Kim's residence three times in five days but "no one
19  ever answered the door, nor did anyone seem to be home at any time."  Decl. of
    Attempted Service, Ex. B. to Brown Decl. (docket no. 6-2 at 2 & 4).  This evidence alone
20  does not support a finding that Defendants are attempting to evade service, but merely
    that nobody was present to accept service of process.  See Dodo Int'l, 2021 WL 662344
21  at *2 (granting motion for leave to serve a defendant by mail and concluding that the
    process server's affidavit showed that plaintiffs made diligent efforts to serve the
22  defendant who was attempting to evade service of process where (1) a process server

23

MINUTE ORDER - 2

attempted to personally serve the defendant six times at his last known address; and (2) the process server declared during some of the service attempts that vehicles registered to the defendant were present and somebody was inside the residence, but nobody answered the door).

(2)    Plaintiff Aetna is DIRECTED to file on or before December 12, 2025, a supplemental declaration with information concerning its communication with defense counsel being unable to make contact with Defendants and whether the final demand contained any representation that Aetna would be filing a lawsuit, or an explanation for why such information cannot be supplemented.  See Mot. for Alt. Service at 2 (docket no. 5).

(3)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 8th day of December, 2025.

Ravi Subramanian
Clerk

s/Grant Cogswell
Deputy Clerk

MINUTE ORDER - 3