UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AETNA HEALTH MANAGEMENT LLC,

Plaintiff,

v.

DO WON ORIENTAL MEDICINE &
ACUPUNCTURE CLINIC INC, JI W KIM,

Defendants.

CASE NO. 2:25-cv-02163-BAT

**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS, DKT. 23**

This is an action by an insurance company against a healthcare provider, alleging fraudulent billing for medical services. The healthcare provider has brought a counterclaim against the insurer for unfair trade practices under the Consumer Protection Act. Plaintiff insurer, Aetna Health Management, LLC, now moves to dismiss the counterclaims of Defendants Do Won Oriental Medicine & Acupuncture Clinic and Dr. Ji W. Kim for failure to state a claim. Dkt. 23. For the following reasons, the Court **DENIES** the motion to dismiss.

ORDER DENYING PLAINTIFF'S MOTION
TO DISMISS DEFENDANTS'
COUNTERCLAIMS, DKT. 23 - 1

## BACKGROUND[1]

Dr. Ji W. Kim, a doctor of osteopathy, owned and operated Do Won Oriental Medicine & Acupuncture Clinic for many years until 2023. Dkts. 19, 21 (counterclaims) at ¶ 1.[2] The clinic provides medical services, including acupuncture, in Washington. *Id.* This order refers to Dr. Kim and the clinic jointly as "Defendants." Over many years, Defendants submitted medical claims to and received reimbursement from insurance companies, including Aetna. *Id.* at ¶ 2.

Healthcare providers submit claims to insurance companies using numerical codes that describe the services for which the provider seeks payment. Dkt. 1 (complaint) at ¶ 18. Defendants administered acupuncture to patients, both with and without electrical stimulation. The relevant billing codes were CPT 97813 (the base code for the first 15 minutes of an acupuncture session), CPT 97814 (an add-on code for 15 minutes of acupuncture with electrical stimulation) and CPT 97811 (an add-on code for 15 minutes of acupuncture without electrical stimulation). *Id.* at ¶¶ 23–25. Aetna alleges between 2019 and 2023, Defendants regularly submitted bills for one unit of CPT 97813, two units of CPT 97814, and three units of CPT 97811, for a total of six units or 90 minutes of treatment, but actually treated patients for approximately 50 minutes. *Id.* at ¶ 27.

Aetna notified Defendants of the alleged improper billing by letter on October 31, 2023. *Id.* at ¶ 31; Dkt. 1-2 (Exhibit B to complaint). Dr. Kim subsequently corresponded with members of Aetna's investigative unit and sent Aetna a letter on December 5, 2023, explaining he billed

---

[1] As required on a motion to dismiss, the Court accepts factual allegations in the counterclaims as true and construes the pleadings in the light most favorable to Defendants as the nonmoving party. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015).

[2] Defendants Dr. Kim and Do Won each assert a single counterclaim. *See* Dkts. 19, 21. Because the counterclaims are virtually identical, this order cites them jointly.

ORDER DENYING PLAINTIFF'S MOTION
TO DISMISS DEFENDANTS'
COUNTERCLAIMS, DKT. 23 - 2

both CPT 97814 and CPT 97811 because he simultaneously used acupuncture with electrical stimulation and acupuncture without electrical stimulation with his patients, so "technically it takes about 50 minutes to finish all treatment per patient." Dkt. 1-3 (Exhibit C to complaint). On December 12, 2023, Aetna responded to Dr. Kim, and demanded $747,631.15 in reimbursement for alleged overpayments. Dkt. 1-4 (Exhibit D to complaint). Aetna alleges applicable published billing guidelines, and the CPT code descriptions require providers to elect between CPT 97811 and CPT 97814 when billing for acupuncture, rather than using both for concurrent treatments, and Defendants knew or should have known their claims were false or misleading. Dkt. 1 at ¶¶ 26, 49.

Aetna filed this complaint in the Western District of Washington on October 31, 2025, alleging claims for fraud, negligent misrepresentation, unjust enrichment, and a violation of RCW 48.43.600. Dkt. 1. Aetna alleges it has discovered additional improper billing since sending its original demand letter and now alleges at least $833,651.11 in overpayments. *Id.* at ¶ 38. On February 18, 2026, Defendants each filed an Answer, Affirmative Defenses, and Counterclaim. Dkts. 19, 21. The counterclaims are essentially identical. Each is for unfair business practices in violation of Washington's Consumer Protection Act, alleging Aetna improperly requested reimbursement after accepting and paying Defendants' claims for many years; demanded reimbursement without specifying particular patients and service dates; demanded refunds for more than two years of prior claims where there was no fraud in violation of RCW 48.43.600; neglected to create or engage in a review process as required by RCW 48.43.055; and delayed two years between demanding a refund and taking legal action. *Id.* at ¶ 16.1.

ORDER DENYING PLAINTIFF'S MOTION
TO DISMISS DEFENDANTS'
COUNTERCLAIMS, DKT. 23 - 3

**DISCUSSION**

To survive a motion to dismiss, a claimant must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must assume all well-pleaded facts to be true on a motion to dismiss, drawing all reasonable inferences in favor of the claimant. *Great Minds v. Off. Depot, Inc.*, 945 F.3d 1106, 1109 (9th Cir. 2019). Pleadings that offer only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544 at 555.

**I.    The counterclaims are not puzzle or shotgun pleadings.**

The counterclaims allege Aetna violated RCW 19.86, the Washington Consumer Protection Act. The counterclaims each consist of 15 numbered paragraphs, followed by a list of five actions which are alleged to constitute unfair and deceptive practices in violation of the Consumer Protection Act:

> its failure to inform the defendants that it considered the billing practices to be incorrect after having accepted and paid the clinic's billings for many years; (ii) its demand for refunds (A) after having accepted and paid the clinic's billings practices for years, (B) without specifying the particular patients and service dates for which refunds were demanded, and (C) for a period exceeding that permitted under RCW 48.43.600; (iii) its failure to create and inform the defendants of the review process required by RCW 48.43.055; (iv) its termination of the defendants' participation in Aetna's plan without giving the corporate or individual defendant an opportunity to participate in a review process; and (v) its two-year delay between demanding a refund and taking legal action, during which time Dr. Kim retired[.]

Dkts. 19, 21 at ¶ 16.1.

ORDER DENYING PLAINTIFF'S MOTION
TO DISMISS DEFENDANTS'
COUNTERCLAIMS, DKT. 23 - 4

Aetna argues the counterclaims are impermissible "puzzle" and "shotgun" pleadings. "Puzzle pleading places the burden on the reader to sort out the statements and match them with the corresponding adverse facts to solve the puzzle of interpreting [the] claims." *Dresner v. Silverback Therapeutics, Inc.*, No. C21-1499 MJP, 2022 WL 16716165, at *8 (W.D. Wash. Nov. 4, 2022) (internal quotation marks omitted). Puzzle pleadings fail to set forth a short and plain statement of the claim in compliance with Federal Rule of Civil Procedure 8. Shotgun pleading, similarly, is when "a party indiscriminately incorporates assertions from one count to another, for example, by incorporating all facts or defenses from all previous counts into each successive count ... prevent[ing] the opposing party from reasonably being able to prepare a response or simply mak[ing] the burden of doing so more difficult." *Gibson v. City of Portland*, 165 F.4th 1265, 1288 (9th Cir. 2026) (quoting 5A *Wright & Miller's Federal Practice and Procedure* § 1326 (4th ed. 2024)).

The counterclaims are each 3.5 pages long and not difficult to decipher. Defendants allege one violation of the Consumer Protection Act, RCW 19.86.020, which prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." As that is the Act's sole substantive provision, there was no need to specify violations of any additional sections of the Act. The counterclaims each contain a clear and brief list of five theories as to how Aetna violated this provision. All five theories allege unfair and deceptive practices under the same provision of the Consumer Protection Act, by one insurer, in connection with one insured party. Aetna complains the counterclaims fail to separate multiple distinct theories of liability into different counts, but that is unnecessary here; doing so would probably make the counterclaims harder to read. Complaints subject to dismissal for shotgun pleading tend to impermissibly bundle together far more disparate claims. *See, e.g.*, *Gibson*, 165

F.4th 1265 at 1291 (complaint bundled together separate violations of the Privileges or Immunities, Equal Protection, and Due Process Clauses of the Fourteenth Amendment); *Gamez v. Cnty of Fresno*, No. 1:26-CV-00297-KES-EPG, 2026 WL 1091397, at *4 (E.D. Cal. Apr. 22, 2026) (complaint bundled together federal and state law claims).

Moreover, it is not difficult to identify which facts correspond to which theory. For example, Do Won alleges Aetna delayed two years between demanding a refund and suing, during which time Mr. Kim retired; the corresponding facts are in paragraph 13 and the rest of the theories are just as easily mapped to facts. As Defendants point out, the cases Aetna cites involve far more sprawling and unintelligible complaints. *Dresner v. Silverback Therapeutics, Inc.*, No. C21-1499 MJP, 2022 WL 16716165, at *8 (W.D. Wash. Nov. 4, 2022) (complaint alleged statements were false or misleading in violation of securities law but block-quoted statements without specifying what was false or misleading or why); *In re Metro. Sec. Litig.*, 532 F. Supp. 2d 1260, 1280 (E.D. Wash. 2007) (317-page complaint "sets forth 624 paragraphs of factual allegations," then fails to specify "which ones support any particular elements of the claim"). The Court accordingly finds the counterclaims satisfy Rule 8.

II.     **Defendants have standing to sue under the Consumer Protection Act as non-insured medical providers.**

The counterclaims allege Aetna violated RCW 19.86, the Washington Consumer Protection Act, by, among other things, (1) seeking return of overpayments from before the two-year limitations period in RCW 48.43.600, and (2) terminating its agreement with Defendants without undergoing a dispute resolution review process as required by RCW 48.43.055. Dkt. 23 at 8.

Aetna argues RCW 48.43.600 and RCW 48.43.055 do not create a private right of action. *Id.* But Defendants do not bring an action under RCW Title 48; their counterclaims are properly

ORDER DENYING PLAINTIFF'S MOTION
TO DISMISS DEFENDANTS'
COUNTERCLAIMS, DKT. 23 - 6

brought under the Consumer Protection Act. Dkts. 19, 21 at ¶ 16 (stating Aetna's "acts . . . violate RCW 19.86"); *Pain Diagnostics & Rehab. Assocs., P.S. v. Brockman*, 988 P.2d 972, 976 (Wash. App. 1999) (private actions for violations of insurance regulations must be brought under the Consumer Protection Act). Aetna acknowledges as much; its motion mostly argues about the viability of Defendants' Consumer Protection Act claim. *See generally* Dkt. 23.

Aetna next argues Defendants lack standing to state a valid claim under the Consumer Protection Act, as the clinic is not an insured party but a medical provider. Dkt. 23 at 8–9. "[A] claim under the Washington CPA may be predicated upon a per se violation of statute, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of public interest." *Schiff v. Liberty Mut. Fire Ins. Co.*, 542 P.3d 1002, 1006–07 (Wash. 2024). Aetna correctly notes Defendants lack standing to bring a per se claim as non-insured parties. However, "[w]hile a third-party noninsured lacks standing to bring a per se CPA violation claim, a statutory violation can demonstrate that an action violates public policy and is unfair for the purposes of a non-per-se CPA violation." *Id.* Thus, Defendants have standing to bring their claim and may mention statutory violations as part of it.

Generally, the Washington Supreme Court has already declined to insert a requirement that a Consumer Protection Act claimant have a consumer relationship to the opposing party to have standing to sue. *Panag v. Farmers Ins. Co. of Washington*, 204 P.3d 885, 892 (Wash. 2009). And nothing prohibits a medical provider from bringing a Consumer Protection Act action against an insurer, including one alleging a violation of RCW Title 48. There are examples of such actions. *See Schiff*, 542 P.3d 1002 (healthcare provider had standing in Consumer Protection Act action against insurer where violations of RCW Title 48 were at issue);

ORDER DENYING PLAINTIFF'S MOTION
TO DISMISS DEFENDANTS'
COUNTERCLAIMS, DKT. 23 - 7

*Folweiler Chiropractic, PS v. Am. Fam. Ins. Co.*, 429 P.3d 813 (2018), *abrogated on other grounds by Schiff*, 542 P.3d 1002 (2024) (same).

**III.     The alleged violation of RCW 48.43.600's two-year look-back period is not subject to dismissal.**

RCW 48.43.600 provides that an insurance carrier may not, "[e]xcept in the case of fraud, . . . [r]equest a refund from a health care provider of a payment previously made to satisfy a claim unless it does so in writing to the provider within twenty-four months after the date that the payment was made." Defendants allege Aetna violated this statute in its November 20, 2023 demand letter by requesting refunds for alleged overbilling from January 1, 2020 to October 31, 2023, a period of two years and ten months, exceeding the two-year look-back period. Dkts. 19, 21 at ¶¶ 7, 16.1. Aetna argues this counterclaim must be dismissed because the two-year period does not apply in the case of fraud, and Aetna's complaint alleges fraud. Dkt. 23 at 9.

On Aetna's motion to dismiss, the Court must construe all factual allegations in favor of Do Won as the nonmoving party. The Court therefore must accept the allegations in Do Won's Answer as true for purposes of adjudicating this motion. Absent a definitive answer on the question whether Mr. Kim committed fraud, it would be premature to dismiss Do Won's counterclaim entirely simply because Aetna's complaint alleges fraud. At summary judgment, Aetna may win dismissal of the part of the counterclaim alleging violation of RCW 48.43.600's two-year look-back period if there is no material dispute that fraud occurred.

**IV.     The counterclaims adequately state a claim under the Consumer Protection Act.**

To prevail in a private action brought under the CPA, the claimant must show (1) an unfair or deceptive act or practice, (2) occurring in the conduct of trade or commerce, (3) affecting the public interest, and (4) causing injury to the claimant in his business or property. *Schiff*, 542 P.3d 1002 at 1006. Elements (1) and (4) are at issue here.

ORDER DENYING PLAINTIFF'S MOTION
TO DISMISS DEFENDANTS'
COUNTERCLAIMS, DKT. 23 - 8

Defendants must show an unfair or deceptive act or practice. Because (as explained above) Defendants are third-party noninsured and cannot bring a per se Consumer Protection Act claim, they must instead show the act or practice "has a capacity to deceive a substantial portion of the public." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535 (Wash. 1986). They need not show the act was intended to deceive, only that it had the capacity to do so. *Panag*, 204 P.3d 885 at 894. The act or practice need not be unfair <u>and</u> deceptive; it can be either, and whether it is unfair or deceptive is a question of law. *Larsen v. PTT, LLC*, 737 F. Supp. 3d 1076 (W.D. Wash. 2024) (citing *Klem v. Wash. Mut. Bank*, 295 P.3d 1179, 1187 (Wash. 2013)).

The counterclaims allege Aetna demanded refunds for more than two years of prior claims in violation of RCW 48.43.600. Aetna does not dispute it demanded refunds for more than two years of prior claims and the statute requires otherwise but argues the statute does not apply in the case of fraud. As stated above, however, whether the fraud exception applies here is not resolvable at this point on a motion to dismiss. Defendants also allege Aetna's acts have the capacity to deceive the public, pointing to the scope of Aetna's business. *See Bryant v. Country Life Ins. Co.*, 414 F. Supp. 2d 981, 1003 (W.D. Wash. 2006) ("Consumer Protection Act claims alleging unfair insurance claims practices meet the public interest element because RCW 48.01.030 declares that the 'business of insurance is one affected by the public interest.'"). (quoting *Anderson v. State Farm Mut. Ins. Co.*, 2 P.3d 1029, 1033 (Wash. App. 2000)). The allegation Aetna violated RCW 48.43.600 by claiming refunds for amounts not owed, coupled with the impact on the public of Aetna's acts, sufficiently meet the element of unfair or deceptive act or practice as required for a Consumer Protection Act claim. *See Larsen v. PTT, LLC*, 737 F. Supp. 3d 1076, 1089–90 (W.D. Wash. 2024) (finding a casino's statutory violation tended to

ORDER DENYING PLAINTIFF'S MOTION
TO DISMISS DEFENDANTS'
COUNTERCLAIMS, DKT. 23 - 9

demonstrate its practices were unfair or deceptive despite the non-per-se claim).

The counterclaims allege Aetna acted unfairly by accepting and paying Defendants' claims for many years without informing them of alleged improper billing, and unfairly delayed two years between demanding a refund and taking legal action. Aetna responds its actions were a "direct and reasonable" exercise of its rights and are not included as unfair or deceptive acts in the Washington Administrative Code, and Defendants' alleged fraud obscured the overbilling and prevented Aetna from discovering it earlier. These arguments are better suited for summary judgment than as a rationale for dismissal of the counterclaims before fact development.

Finally, a claimant must present "some evidence, however slight" of injury to its business or property caused by the violation. *Sign–O–Lite Signs, Inc. v. DeLaurenti Florists, Inc.*, 825 P.2d 714, 720 (Wash. App. 1992). Defendants sufficiently allege they were injured by being unable to submit claims to Aetna when it terminated the participation agreement and have thus satisfied this element.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS**: Plaintiff Aetna's Motion to Dismiss Counterclaims, Dkt. 23, is **DENIED**.

DATED this 11th day of June, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
TO DISMISS DEFENDANTS'
COUNTERCLAIMS, DKT. 23 - 10