UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AETNA HEALTH MANAGEMENT LLC,

Plaintiff,

v.

DO WON ORIENTAL MEDICINE & ACUPUNCTURE CLINIC INC, JI W KIM,

Defendants.

CASE NO. 2:25-cv-02163-BAT

**ORDER SETTING TRIAL DATE AND PRETRIAL SCHEDULE**

## Introduction

Having reviewed the parties' Joint Status Report (Dkt. 22), the Court schedules this case for a bench trial and orders the following pretrial schedule:

| **Event** | **Date** |
|---|---|
| Deadline for joining additional parties | 8/7/2026 |
| Deadline for amending pleadings | 8/28/2026 |
| Deadline for expert witness reports | 9/22/2026 |
| All motions related to discovery must be noted for consideration by | 10/2/2026 |
| Discovery to be completed by | 11/2/2026 |
| All dispositive motions and all *Daubert* motions must be filed by | 12/7/2026 |

| | |
|---|---|
| Trial briefs, motions in limine, exhibit and witness lists, and exhibits must be filed by | 1/19/2027 |
| Pretrial conference scheduled in Courtroom 12A | To be set as needed |
| Bench Trial<br>Estimated trial length: 4 days | 2/16/2027-9:15 am |

The Court will alter these dates only upon good cause shown. Failure to complete discovery within the time allowed is not deemed good cause.

If a party has an irreconcilable conflict with the trail dates, counsel must notify Deputy Clerk Andy Quach in writing within 10 days of the date of this Order and must set forth the exact nature of the conflict. A failure to do so will be deemed a waiver. Counsel must be prepared to begin trial on the date scheduled, but the start of trial may have to await the completion of other cases.

## Discovery and Cooperation

Under Local Rule 37(a), all discovery matters are to be resolved by agreement if possible.

## Pretrial Statements, Orders and Exhibits

At the parties' request the Court dispenses with pretrial statements and the agreed pretrial order. Because the Court dispenses with pretrial statements, the parties shall timely file trial briefs setting forth their positions, any evidentiary issues and operative law; their exhibit and witness lists; their trial exhibits; and their pretrial or motions in limine.

As to exhibits:

1. The parties shall confer and list which exhibits they agree are admissible and which exhibits are not, setting forth their positions as to the latter.

2. The original and one copy of the trial exhibits shall be delivered to the Clerk's Office, attention Deputy Clerk Andy Quach.

3. Each exhibit shall be clearly marked. The Court hereby alters the CR 16.1 procedure for numbering exhibits: Plaintiff's exhibits shall be numbered consecutively beginning with 1; Defendant's exhibits shall be numbered consecutively beginning with the next number not used by Plaintiff. Duplicate documents shall not be listed twice. Once a party has identified an exhibit in the pretrial order, it may be used by any party. Each set of exhibits shall be submitted in a three-ring binder with appropriately numbered tabs.

## Settlement and Mediation

The parties have not requested the Court order settlement under LCR 39.1. The Court thus leaves it to counsel to assess whether settlement or mediation will be fruitful and pursue such efforts on their own. If the case settles, Plaintiff's counsel shall notify Andy Quach at (206) 370-8421 or via e-mail at: andy_quach@wawd.uscourts.gov, as soon as possible. Pursuant to CR 11(b), an attorney who fails to give the Deputy Clerk prompt notice of settlement may be subject to such discipline as the Court deems appropriate.

DATED this 23rd day of July, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge